# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                             **Case No. 06-CR-342**

**DANIEL PLACIDO-SANTOS**
        **Defendant.**

## DECISION AND ORDER

On December 4, 2007, a jury convicted defendant Daniel Placido-Santos of conspiracy to distribute 500 grams or more of cocaine. See 21 U.S.C. §§ 841(b)(1)(B) & 846. After publishing the jury's verdict, I denied defendant's previous motions for entry of a judgment of acquittal, upon which I had reserved ruling. I further advised defendant that he had seven days to renew such a motion. See Fed. R. Crim. P. 29(c)(1).

On December 14, 2007, defendant filed a letter requesting leave to submit a brief in support of a motion for acquittal on or before December 17, 2007. On December 17, 2007, he filed a motion for acquittal along with a motion to file instanter. Because defendant failed to file the motion or request an extension within seven days – as I directed and as Rule 29 requires – the motion is untimely. In any event, defendant has failed to demonstrate that the evidence was insufficient to support the jury's verdict. Thus, I will in the alternative deny the motion on the merits.

## I. TIMELINESS

Rule 29(c)(1) provides: "A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury,

whichever is later." Where, as here, the government objects to its consideration, the court may not grant a post-verdict motion for acquittal that is untimely under Rule 29(c). Eberhart v. United States, 546 U.S. 12, 18 (2005).

Rule 45(b) permits the court to extend time for good cause on a party's motion made (A) before the originally prescribed or previously extended time expires or (B) after the time expires if the party failed to act because of excusable neglect. Fed. R. Crim. P. 45(b). The advisory committee note to Rule 45 explains:

> The defendant is still required to file motions under Rules 29, 33, and 34 within the seven-day period specified in those rules. The defendant, however, may consistently with Rule 45, seek an extension of time to file the underlying motion as long as the defendant does so within the seven-day period. But the court itself is not required to act on that motion within any particular time. Further, under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect.

Fed. R. Crim. P. 45 advisory committee's note (2005).

In the present case, defendant failed to request an extension within the seven day period as required by Rule 45(b)(1)(A). Further, defendant fails to establish excusable neglect under Rule 45(b)(1)(B). Counsel cites inclement weather and heavy unexpected caseload, but fails to elaborate on either impediment. Motions for an extension or entry of a judgment of acquittal need not be elaborate and, with electronic filing, inclement weather generally should not prevent compliance with the Rules. See, e.g., United States v. Dumas, 94 F.3d 286, 289 (7th Cir. 1996) ("'Excusable neglect' requires something more than a simple failure to meet the deadline due to a busy schedule."). Therefore, the motion is denied as untimely.

2

## II. MERITS

The motion also fails on the merits. In challenging the sufficiency of the evidence presented to the jury, defendant faces an "uphill battle." United States v. Gallardo, 497 F.3d 727, 737 (7th Cir. 2007). Under Rule 29, I must determine whether the government presented sufficient evidence from which the jury could reasonably find defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government and bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences. United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). Because "Rule 29(c) does not authorize the judge to play thirteenth juror," I may not entertain an independent view of the evidence in ruling on such a motion. United States v. Genova, 333 F.3d 750, 757 (7th Cir. 2003). Rather, I may enter a judgment of acquittal "only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." United States v. Murphy, 406 F.3d 857, 861 (7th Cir. 2005).

As indicated, the jury found defendant guilty of conspiracy to distribute cocaine and marijuana. In response to special verdict questions, the jury found that the offense involved more than 500 grams of cocaine but not more than five kilograms of cocaine.

In order to obtain a conviction in this case, the government had to prove that the charged conspiracy existed, and that defendant knowingly became a member of the conspiracy with an intention to further the conspiracy. (Jury Instructions at 19.) At trial, the government presented testimony from Francisco Pedroza and Juan Alanis, who indicated that defendant provided them with drugs on credit, and that defendant in turn was supplied by a man named "Sinaloa." The government also presented a series of recorded telephone calls between

3

defendant and Pedroza, during which (the jury could have reasonably found) the two discussed their past drug dealings, including payments for drugs previously fronted, as well as defendant's provision of more cocaine in the future. The government further presented evidence of a controlled delivery of money for past drug debts from Pedroza to defendant. Finally, the government presented testimony from Special Agent Jesus Sandoval, who indicated that during a post-arrest statement defendant stated that he received cocaine and marijuana from Sinaloa and supplied it to others, including Pedroza, and that he collected money for the Sinaloa organization (about $100,000 over the past month alone). This evidence was more than sufficient to establish the charged conspiracy.[1] See, e.g., United States v. Bustamante, 493 F.3d 879, 884-85 (7th Cir. 2007) ("Factors indicating a drug conspiracy include transactions that involve large quantities of drugs, prolonged cooperation between parties, standardized dealings, a level of mutual trust, and sales on credit.").

In his motion, defendant contends that because the jury found him guilty of a 500 gram (rather than five kilogram) offense, the jury must have found the testimony of Pedroza and Alanis, who testified to larger amounts, incredible. Therefore, he claims, the jury must have relied upon the recorded calls. And, he argues, the jury could not rely upon those calls (or other acts by Pedroza) because, by that point, Pedroza had withdrawn from the conspiracy. The argument fails.

---

[1] I have in this decision presented only highlights of the government's evidence. The government also presented evidence of controlled substances seized from Pedroza, which he obtained from defendant. During his testimony, defendant denied selling drugs with Sinaloa and Pedroza. Of course, the jury was not required to believe him, particularly given his admission on cross-examination that at certain points during the recorded calls with Pedroza he had referred to cocaine and his unconvincing explanation as to why Pedroza, a man he claimed not to know very well, would be delivering money to him.

4

First, defendant fails to explain why, as a factual matter, the jury's special verdict answers necessarily meant that they found the cooperating witnesses incredible. In any event, it is, as matter of law, inappropriate for me to speculate why the jury answered the special verdict questions as it did. See generally United States v. Evans, 486 F.3d 315, 322 (7th Cir.), cert. denied, 128 S. Ct. 676 (2007) (noting that juries may rule based on "various reasons, including mistake, compromise, or lenity"); United States v. Pisman, 443 F.3d 912, 914-15 (7th Cir.), cert. denied, 127 S. Ct. 413 (2006) (noting that inconsistency generally provides no basis for upsetting a jury's verdict); United States v. McGee, 408 F.3d 966, 985 (7th Cir. 2005) (noting that the defendant's remedy for possible inconsistency in the jury's verdict is independent review of the sufficiency of the evidence on the count of conviction by the court).

Second, defendant's claim that the recorded calls cannot constitute evidence of the conspiracy fails. Although a defendant cannot "conspire" with a government agent or cooperator alone, courts have "universally held that the fact that one party to a conversation is a government agent or informer does not of itself preclude the admission of statements by the other party – if he or she is a member of a conspiracy – under Rule 801(d)(2)(E)." The jury could have found that at the time of the calls in the present case defendant (and Sinaloa) remained members of the conspiracy.[2] See also United States v. Matthews, 505 F.3d 698, 710 (7th Cir. 2007) ("A conspiracy does not automatically terminate simply because the Government, unbeknownst to some of the conspirators, has defeated the conspiracy's object.") (internal quote marks omitted). The jury also could have found that the calls confirmed the

---

[2]Defendant did not at trial argue that he or Pedroza had withdrawn from the conspiracy at any time. Rather, he argued that barely knew the other men and did not deal drugs with them.

5

existence of the conspiracy in the preceding months. Defendant's related claim that Pedroza's acts after his arrest and decision to cooperate cannot be considered overt acts in furtherance of the conspiracy also misses the mark. The government is not required to prove an overt act in a drug conspiracy case. United States v. Shaibani, 513 U.S. 10, 11 (1994). Finally, defendant's citation of United States v. Ochoa, 229 F.3d 631 (7th Cir. 2000), 18 U.S.C. § 3237 and Fed. R. Crim. P. 18 does him no good, as those authorities pertain to venue, not sufficiency of the evidence.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motions to file instanter (R. 39, 40) and for acquittal (R. 41) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

6