# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                      **Case No. 06-CR-342**

**DANIEL PLACIDO-SANTOS**
        **Defendant.**

---

## SENTENCING MEMORANDUM

A jury found defendant Daniel Placido-Santos guilty of conspiracy to distribute 500 grams or more of cocaine. I denied defendant's motions for acquittal, entered judgment on the jury's verdict and directed the probation office to prepare a pre-sentence report ("PSR") in anticipation of sentencing.

In sentencing defendant, I first calculated his advisory guideline range, then imposed sentence based on all of the factors set forth in 18 U.S.C. § 3553(a). See United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007). This memorandum provides written reasons for the sentence imposed. See 18 U.S.C. § 3553(c).

### I. GUIDELINES

The PSR calculated defendant's offense level as 34 (base level 32 based on a drug weight of 5-15 kilograms of cocaine, U.S.S.G. § 2D1.1(c)(4), plus 2 for obstruction of justice based on defendant's commission of perjury during the trial, U.S.S.G. § 3C1.1) and his criminal history category as I, producing an imprisonment range of 151-188 months. Defense counsel objected to the base offense level and the enhancement for obstruction, and defendant filed several pro se objections to the PSR. While the court need not consider pro se submissions

from represented litigants, see, e.g., United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir.1998), in the present case I addressed defendant's arguments in the course of determining the guideline range.

Defense counsel first objected to drug weight under U.S.S.G. § 2D1.1(c). The government charged defendant with a 5 kilogram offense, see 21 U.S.C. § 841(b)(1)(A), but the jury in its special verdict responses found a drug weight of 500 grams of cocaine, see 21 U.S.C. § 841(b)(1)(B). Counsel stated that I should respect the jury's verdict in determining drug weight – applying a base offense level of 26, see U.S.S.G. § 2D1.1(c)(7) – arguing that it would be fundamentally unfair to impose sentence based on a greater weight. Defendant did not otherwise contest the factual basis for the PSR's drug weight calculation.

Under Apprendi and its progeny, the jury's verdict sets the statutory maximum, but the court – not the jury – finds the facts necessary to determine drug weight relevant to the guidelines and any applicable mandatory minimum beneath that maximum, and it does so by a preponderance of the evidence. See Harris v. United States, 536 U.S. 545, 567 (2002); United States v. Spence, 450 F.3d 691, 696-97 (7th Cir.), cert. denied, 127 S. Ct. 689 (2006); United States v. Hernandez, 330 F.3d 964, 980-81 (7th Cir. 2003); see also United States v. Seymour, Nos. 05-3904, 05-3944, 05-3946, 05-3947, 05-4284, 06-2779, 2008 WL 755300, at *7-8 (7th Cir. Mar. 24, 2008); United States v. Tolliver, 454 F.3d 660, 669 (7th Cir. 2006), cert. denied, 127 S. Ct. 1019 (2007). So long as the sentence does not exceed the statutory maximum based on the jury's findings as to the amount attributable to the conspiracy, the district court is not bound by the jury's finding. United States v. Goodwin, 496 F.3d 636, 643 (7th Cir. 2007). Defendant provided no authority to the contrary.

Based on the information in the PSR and the testimony at trial, I found that the drug

2

weight attributable to defendant exceeded 5 kilograms. Francisco Pedroza, whom I found credible, testified that defendant and defendant's supplier, a man known as "Sinaloa," provided him with 1-2 kilograms of cocaine in early December 2006, and that defendant supplied him with 5-7 kilograms of cocaine in the months prior to December 2006. These amounts alone were sufficient to place defendant in the 5-15 kilogram range under the guidelines. The recorded phone calls introduced by the government at trial verified the relationship between defendant and Pedroza, as the two discussed payment of a $40,000 drug debt and defendant's provision of 2 more kilograms of cocaine in the future. On the stand at trial, defendant admitted that the two discussed drugs during these calls. I also considered defendant's admissions to law enforcement upon his arrest: that he recently supplied Pedroza with 1 kg of cocaine and 50 pounds of marijuana, that he had supplied Pedroza with drugs before, and that he collected over $100,000 for the Sinaloa organization in the past month. I further considered the testimony of Juan Alanis that defendant fronted him 1 kilogram of cocaine. These amounts were all clearly distributed in furtherance of the conspiracy and reasonably foreseeable to defendant. See, e.g., United States v. Hollins, 498 F.3d 622, 629-30 (7th Cir. 2007), cert. denied, 128 S. Ct. 1324 (2008) (stating that under drug conspiracy law and the relevant conduct provision of the guidelines, a defendant is liable for all quantities of drugs with which he was involved directly and any amounts attributable to his co-conspirators if those amounts were reasonably foreseeable to him). Therefore, I adopted a base offense level of 32.

      In his pro se submission, defendant argued that I could not consider hearsay statements from informants and co-conspirators, but that is not the law. Reliable hearsay, including from cooperators, may be used to determine drug weight at sentencing. See, e.g., United States v. Westmoreland, 240 F.3d 618, 630 (7th Cir. 2001). The case defendant cited, United States

3

v. Ochoa, 229 F.3d 631, 637 (7th Cir. 2000), concerned admissibility at trial. In any event, the evidence I relied on in sentencing defendant in this case came from witnesses who testified at trial and were subject to cross-examination. Evidence relied upon at sentencing should be subjected to adversarial testing, as defendant noted, and in this case it was.

Defendant also claimed in his pro se submission that the prosecutor withheld evidence of promises of leniency to Pedroza. However, he provided no support for this contention. Defendant further claimed that the government failed to obtain a warrant to intercept the recorded calls introduced at trial. However, Title III and the warrant requirements it contains do not apply to conversations, like those introduced in this case, intercepted pursuant to the consent of one of the participants. See 18 U.S.C. § 2511(2)(c); United States v. Dawson, 425 F.3d 389, 393 (7th Cir. 2005).[1] Finally, defendant argued that the sentence he faced under the PSR's calculations was cruel and unusual. While the recommended sentence was no doubt long, it was not so severe as to implicate the Eighth Amendment. See, e.g., United States v. Romo, 914 F.2d 889, 899 (7th Cir. 1990).

The second objection filed by defense counsel was to the proposed enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on defendant's false trial testimony. See U.S.S.G. § 3C1.1 cmt. n.4(b) (listing perjury as an example of conduct warranting the enhancement). The government bears the burden of proving by a preponderance of the evidence that this enhancement is warranted. United States v. Ewing, 129 F.3d 430, 434 (7th

---

[1] Further, as I explained in denying defendant's Rule 29 motion, courts have universally held that such conversations are admissible under Fed. R. Evid. 801(d)(2)(E). See United States v. Mahkimetas, 991 F.2d 379, 383 (7th Cir. 1993). The Seventh Circuit more recently addressed this issue in United States v. Schalk, 515 F.3d 768, 774-76 (7th Cir. 2008), reiterating the admissibility of such taped conversations, even when one of the participants is a government cooperator and thus no longer a co-conspirator.

4

Cir. 1997). This should include all of the elements of perjury: falsity, wilfulness and materiality. United States v. Brimley, 148 F.3d 819, 823 (7th Cir. 1998). The testimony must be intentionally false, rather than a result of confusion, mistake or faulty memory. See United States v. Dunnigan, 507 U.S. 87, 94 (1993). The court should make specific findings and not simply rely on the jury's verdict. See, e.g., United States v. Chance, 306 F.3d 356, 389-90 (6th Cir. 2002).

I found that defendant perjured himself in this case. His denial that he sold drugs with the Sinaloa conspiracy was false and willfully so. It was also material, as defendant's membership in the conspiracy was the key issue for trial. His explanation as to why Pedroza delivered money to him was also willfully false, and material because if believed would tend to create the impression that he did not joint the drug conspiracy and was not receiving payment for a drug debt. (See also Decision and Order Denying Def.'s Rule 29 Mot. [R. 45] at 4.) Defendant's reliance on the jury's selection of a lower drug weight did him no good; he denied selling drugs in any amount. In any event, this is a decision for the court, not the jury.

Therefore, I overruled defendant's objections and adopted the PSR's guideline calculations. I turned then to imposition of sentence under 18 U.S.C. § 3553(a).

## II. SECTION 3553(a)

### A. Sentencing Factors

"When sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553 (a)." United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

5

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute commands the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in sub-section (a)(2). Id. This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough v. United States, 128 S. Ct. 558, 570 (2007).

While the guidelines remain an important consideration post-Booker, they are but one factor for the court to consider. The district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007), or place any "thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, it is the parsimony provision that serves as "the guidepost for sentencing decisions post-Booker." United States v. Ferguson, 456 F.3d 660,

6

667 (6th Cir. 2006); see also United States v. Miranda, 505 F.3d 785, 791 (7th Cir. 2007) ("Although the guidelines are treated as advisory after Booker, the application of section 3553(a) is mandatory.").

**B. Analysis**

**1. Nature of Offense and Character of Defendant**

Defendant supplied substantial amounts of cocaine and marijuana, and collected significant sums for the Sinaloa organization. However, the case was not aggravated by violence, weapon possession or threats, and defendant's character was otherwise positive. Twenty-five years old and the married father of two small children, defendant had no prior record whatsoever, not even a traffic citation. He came to the United States from Mexico in 2000 to find employment, but obtained no legal status and faced removal after finishing his sentence. I received several letters attesting to defendant's hard-working, peaceful and generous nature, as well as his importance to his children. Defendant reported some past use of cocaine but denied a current problem, and he appeared to have no other correctional treatment needs. See 18 U.S.C. §§ 3553(a)(1) & (a)(2)(D).

**2. Guidelines and Purposes of Sentencing**

The guidelines recommended a term of 151-188 months in prison. See 18 U.S.C. § 3553(a)(4). Under all of the circumstances, I found a sentence somewhat below that range – a sentence of 120 months – sufficient but not greater than necessary. This was a serious crime, given the large amounts involved, but there was no indication of violence, weapon possession or threats, or that defendant profited greatly. His role was to obtain drugs from Sinaloa and distribute them to a few lower level dealers, and to collect money for Sinaloa. No

7

drugs were found on defendant's person or in his home on his arrest. Thus, I found that a below-range sentence provided just punishment. See 18 U.S.C. § 3553(a)(2)(A). I also found a below-range sentence sufficient to protect the public, given defendant's lack of record and likely deportation, see § 3553(a)(2)(C), and to deter him, as he had never been in jail before, see § 3553(a)(2)(B); see also United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."). A ten year sentence was also surely sufficient to deter others. See § 3553(a)(2)(B). Because the sentence varied from the guidelines by only about 2 levels and was based on the particular facts of the case, it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

## III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 120 months, followed by five years of supervised release. As a condition of supervision, I ordered defendant to re-pay the buy money expended in the investigation. See United States v. Daddato, 996 F.2d 903 (7th Cir. 1993) (noting that while "buy money" is not a proper subject of restitution under § 3553(a)(6), the court may order its repayment as a condition of supervised release). Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

8

Case 2:06-cr-00342-LA   Filed 04/14/08   Page 8 of 8   Document 51